IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE GRISSOM,

                                              ORDER

               Petitioner,

                                           08-cv-284-slc

    v.

LT. PININSKI, C.O. LENZ,
CO II KUCKIKA and JOHN DOE,

               Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

Petitioner Terrance Grissom, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has submitted a proposed complaint and a request for leave to proceed in forma pauperis. However, on three or more occasions in the past, while petitioner was a prisoner, he brought an action or appeal in a court of the United States that was dismissed on the ground that it was legally frivolous or failed to state a claim upon which relief may be granted. See Grissom v. Rauschenbach, 04-C-1252 (E.D. Wis. Feb. 9, 2005); Grissom v. Champagne, 04-C-1251 (E.D. Wis. Feb. 9, 2005); and Grissom v. Gordon, 04-1249 (E.D. Wis. Feb. 9, 2005). Therefore, he does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g) unless his complaint concerns a matter suggesting he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a petitioner must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002) and Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). In this case, most of petitioner's complaint raises claims that do not allow an inference to be drawn that he is in imminent danger of serious physical injury. In particular, petitioner alleges that on April 14, 2008, respondent correctional officers Kuckika and Lenz tripped him, causing him to fall on his face, at which time respondent Lenz put his

2

knee on petitioner's neck. He alleges further that these respondents cut his clothes off and that respondent John Doe grabbed his buttocks and lifted his testicles, which made petitioner feel violated. He alleges as well that respondent Lt. Pininski shocked him two times. Apparently, sometime during this incident, petitioner injured his wrist. He alleges that although his wrist remains swollen, black and blue and may be broken, his appointment for an x-ray on April 18, 2008 was cancelled and he has not been provided any other medical attention.

Petitioner's allegations that on April 14, 2008, respondents Kuckika, Lenz and Pininski used excessive force against him and respondent John Doe conducted an unconstitutional strip search of him do not support a finding that these respondents are presently threatening him with serious physical injury. Although petitioner asks for a "restraining order" against these respondents, the request appears to be based on nothing more than petitioner's own speculation that the respondents may possibly subject him to the use of excessive force at some future time. Such speculation is insufficient to trigger the exception to § 1915(g). Therefore, I will deny petitioner's request for leave to proceed in forma pauperis with respect to his claims against respondents Kuckika, Lenz, Pininski and John Doe. If petitioner wants to pursue these claims, he may do so only if he prepays the $350 fee for filing his complaint. If he does not prepay the filing fee within the time allowed, I will dismiss the claims. Even if he prepays the filing fee, however, petitioner

3

should be aware that the court then will be required to screen his claims against the respondents under 28 U.S.C. § 1915A, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.

Petitioner's claim that he is being denied medical care for what he believes is a broken wrist does qualify for the imminent danger exception to § 1915(g).  This means that I must consider whether petitioner qualifies financially for pauper status under § 1915 and, if he does, whether his claim passes screening under 28 U.S.C. § 1915(e)(2).

The answer to the first question is "yes."  Petitioner does qualify financially to proceed in forma pauperis on this one claim.  His trust fund account statement for the six-month period immediately preceding the filing of his complaint reveals that he does not have the means to pay an initial partial payment of the filing fee.   Therefore, I may screen the merits of his claim that he is being denied medical care for what he believes may be a broken wrist pursuant to § 1915(e)(2).

In his complaint, petitioner alleges the following facts.

ALLEGATIONS OF FACT

On April 14, 2008, during an altercation with guards, petitioner injured his wrist.  He was supposed to get an x-ray on April 18, 2008, but "they did not do them."  Petitioner's

4

wrist hurts. It is swollen and bruised. He believes it may be broken. Nevertheless, he has not been given any medical attention for it.

OPINION

The Eighth Amendment to the United States Constitution requires the government "'to provide medical care for those whom it is punishing by incarceration.'" Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir. 1996) (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)). To prevail ultimately on a claim under the Eighth Amendment, a prisoner must prove that prison officials engaged in "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.

A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584 -85 (7th Cir. 2006). The condition does not have to be life threatening. Id. A medical need may be serious if it causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or otherwise subjects the detainee to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994). "Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

5

Thus, under this standard, petitioner's claim is analyzed in three parts:

(1) Whether he had a serious health care need;

(2) Whether the respondent knew that petitioner needed care; and

(3) Despite respondent's awareness of the need, whether respondent failed to take reasonable measures to provide the necessary care.

Petitioner does not have to allege the facts necessary to establish each of these elements at the pleading stage, but they provide the framework for determining whether petitioner has alleged enough to give respondent notice of his claims and whether there is a set of facts consistent with petitioner's allegations that would entitle him to relief. Kolupa v. Roselle Park District, 438 F.3d 713, 715 (7th Cir. 2006); Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).

In this case, petitioner alleges sufficient facts to suggest that he has a serious medical need. Accepting as true, as I must at this early stage of the proceedings, that petitioner's wrist is painful, swollen, bruised and possibly broken, a layman would recognize that he has a serious medical need. However, petitioner's complaint is deficient with respect to the second inquiry, which is whether the respondent knew that petitioner needed medical care. Petitioner has identified no one to whom he may have spoken about his injury or who might have scheduled his x-ray and then cancelled it. In short, although petitioner's complaint suggests that he may have a viable claim against one or more prison health officials who are

6

directly responsible for providing him medical care, know he needs medical care and are refusing to provide it, he has not named those officials as respondents. Therefore, I will stay a decision whether to allow petitioner to proceed in forma pauperis under § 1915(e)(2) on this claim and provide him a brief period of time in which to submit an amended complaint identifying the person or persons who have denied him treatment for his wrist injury. If he chooses to file an amended complaint, petitioner must limit his complaint to his claim that he is presently being denied treatment for his wrist and to name as respondents only those persons he is alleging are being deliberately indifferent to his need for such treatment. In drafting his amended complaint, petitioner should keep in mind that his original pleading is very difficult to read and largely illegible. It would be helpful to the court and the respondents if petitioner were to write his allegations more carefully in an amended complaint or type them.

ORDER

IT IS ORDERED that

1. Petitioner's request for leave to proceed in forma pauperis is DENIED on his claims against respondents Lt. Pininski, C.O. Lenz COII Kuckika and John Doe, because petitioner is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g) with respect to his claims against them.

7

2. If petitioner wishes to pursue his claims against respondents Lt. Pininski, C.O. Lenz, COII Kuckika and John Doe, he must submit a check or money order made payable to the clerk of court in the amount of $350 no later than June 11, 2008. If, by June 11, 2008, petitioner fails to prepay the filing fee, petitioner's claims against respondents Lt. Pininski, C.O. Lenz COII Kuckika and John Doe will be dismissed without prejudice to petitioner's filing them at some future time. If petitioner does prepay the fee, the court will screen his claims under 28 U.S.C. § 1915A.

3. Petitioner's request for leave to proceed in forma pauperis is STAYED on his claim that he is presently being denied medical treatment for an injured wrist. If petitioner intends to pursue this claim, he may have until June 11, 2008, to submit an amended complaint limiting his claim to allegations concerning his present inability to obtain care for his broken wrist and identifying the respondents responsible for refusing him care.

4. If, by June 11, 2008, petitioner does not file an amended complaint as explained above, I will deny his request for leave to proceed in forma pauperis on his claim that he is being denied medical care.

5. Even if petitioner does not pursue his claims against respondents by paying the $350 filing fee, or his claim against unknown respondents by filing a proposed amended complaint, the clerk of court is requested to insure that petitioner's obligation to pay the $350 fee for filing this case is reflected in this court's financial records and that the warden

8

of the Columbia Correctional Institution is advised of petitioner's obligation to pay the fee pursuant to 28 U.S.C. § 1915(b)(2).

Entered this 23rd day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge